TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7964
    Facsimile: (213) 894-0141
    E-mail:    joseph.axelrad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-263-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT MICHAEL JAMES CULLIGAN |
| v. | |
| MICHAEL JAMES CULLIGAN, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph D. Axelrad, hereby files its sentencing position regarding defendant Michael James Culligan ("defendant").

    This sentencing position is based upon the attached memorandum of points and authorities, the presentence investigation report ("PSR"), the files and records in this case, and such further evidence and argument as the Court may permit. The government

respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: December 28, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Joseph Axelrad*
JOSEPH D. AXELRAD
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Michael James Culligan ("defendant") awaits sentencing after pleading to count one of the indictment, which charges him with involuntary manslaughter, in violation of 18 U.S.C. § 1112.  The United States Probation Office ("USPO") issued the PSR in this case on December 1, 2021, calculating a Guidelines range of 46 to 57 months, based on a total offense level of 19 and a category IV criminal history.

As set forth below, the government submits that, taking into account the factors identified in 18 U.S.C. § 3553(a), a total term of custody of 46 months' imprisonment is appropriate. The government further recommends that defendant be sentenced to a three-year term of supervised release, and a special assessment of $100.  Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to adequately deter defendant from committing further offenses, and to avoid unwarranted sentencing disparity with other similarly situated defendants.

**II.  STATEMENT OF FACTS**

As set forth in the Plea Agreement:

On June 16, 2020, at approximately 12:30 p.m., defendant was driving a stolen 2019 Jeep Wrangler southbound on Santa Lucia Canyon Road in Lompoc, California, on Vandenberg Air Force Base ("VAFB") property, located within the special maritime and territorial jurisdiction of the United States. After veering onto the right shoulder, defendant's car swerved into the

oncoming lane of traffic and collided head-on with a blue Lexus sedan driven by victim M.M., who was accompanied by victim N.S. in the front passenger-seat. Victim M.M. died at the scene due to the collision, and victim N.S. suffered significant injuries. Following the traffic collision, defendant climbed out of the sunroof of the Jeep Wrangler and fled the scene, and was later found by law enforcement hiding in a drainpipe.

At the time of the traffic collision, defendant was under the influence of illegal narcotics.

During a post-arrest interview, defendant admitted to using illegal narcotics before operating the Jeep, crashing the Jeep into another car, and fleeing the scene.

**III. PRESENTENCE INVESTIGATION REPORT**

**A. Guidelines Calculation**

The USPO concluded that defendant has a total offense level of 19. PSR, ¶ 31. Specifically, Probation calculates defendant's base offense level of 22 (U.S.S.G. § 2A1.4), with a three-level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1(a),(b)). PSR, ¶¶ 22-31. The PSR also identifies defendant as a Criminal History Category of IV. PSR, ¶ 41.

The resulting Guidelines range, with a total offense level of 19 and Criminal History Category of IV, is 46 to 57 months' imprisonment. PSR, ¶ 79. The Probation Office recommends a sentence of 52 months. (Dkt. 34.)

**IV. APPLICATION OF THE § 3553 FACTORS**

The government submits that a sentence of 46 months' imprisonment, followed by three years' supervised release is

"sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).

### A. Legal Background

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted). The parties should then be given an opportunity to argue for what they believe is an appropriate sentence. Id. Following argument by the parties, the Court must consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties." Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007). In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

### B. Analysis

The severity and tragedy of defendant's conduct cannot be overstated. His disregard for the safety of the community was staggering. Driving a stolen car while drunk and high is the very epitome of recklessness and, sadly, defendant's conduct had consequences. The car crash that resulted from defendant's

recklessness ended with the death of another driver and severe injuries to the victim's passenger.[1]

Like so many similar traffic fatalities, this car crash was the result of impaired driving. Defendant's use of methamphetamine and alcohol before he drove the stolen car undoubtedly contributed, if not caused, the deadly crash. But defendant's use of alcohol and drugs on the day of the crash were not the exception, rather defendant has struggled through repeated cycles of addiction.

The government recognizes that there are mitigating factors that exist in defendant's personal history and characteristics. Defendant grew up in difficult circumstances. Defendant's parents separated early and he lacked a father figure in his life. PSR, ¶ 46. Defendant's brother has been in and out of custody. PSR, ¶ 48. Defendant's struggle with addiction to narcotics began as early as his freshman year of high school and culminated with his near daily use of methamphetamine. PSR, ¶¶ 63-64.

The requested sentence serves the goals of both specific and general deterrence. As to specific deterrence, as mentioned above, the requested sentence, which is significant, will be defendant's lengthiest term of imprisonment. This sentence also serves the purposes of general deterrence by making clear that impaired driving of any kind, and certainly impaired driving that leads to a fatality, will be treated severely.

---

[1] The victim of defendant's car crash was also found to have a significant amount of methamphetamine in his system at the time of his death.

4

Finally, the government believes that the requested sentence avoids unwarranted sentencing disparities with other defendants in similar circumstances as defendant.  The Court is entitled to rely on a correctly calculated Guidelines' range in finding that there is no unwarranted disparity between defendant and other offenders convicted of similar offenses.  <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010).  This sentence accounts for the unique factors of the defendant.

All of these factors are accounted for in the government's recommendation, which balances the history and characteristics of the defendant with the nature of the crimes.  For these reasons, the government believes that a sentence of 46 months in custody is appropriate.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) 46 months' imprisonment; (2) a three-year period of supervised release; and (3) a mandatory special assessment of $100.

5